**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

PATRICK BOGAN,

                Plaintiff,

-vs-                                                  Case No. 3:16-cv-1168-J-34PDB

PROGRESSIVE EXPRESS INSURANCE COMPANY,

                Defendant.

_____

# O R D E R

**THIS CAUSE** is before the Court sua sponte. On September 14, 2016, Defendant Progressive Express Insurance Company (Progressive) filed its Notice of Removal (Doc. 1; Notice), removing this case from the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida. See Notice at 1. In the Notice, Progressive asserts that this Court has jurisdiction over the instant action pursuant to 28 U.S.C. § 1332. See id. at 3. Specifically, Progressive alleges that the Court has diversity jurisdiction over this action because Plaintiff Patrick Bogan is a "citizen of the State of Florida," and Progressive "is a foreign corporation . . . having its principal place of business in the State of Ohio." See id. at 2. Because Progressive has failed to disclose its place of incorporation, Progressive's citizenship is not properly alleged in the Notice. See Am. Motorists Ins. Co. v. Am. Employers' Ins. Co., 600 F.2d 15, 16 (5th Cir. 1979)[1]; see also Fid. & Guar. Life Ins. Co. v.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Thomas, 559 F. App'x 803, 805 n.5 (11th Cir. 2014). Therefore, the Court's subject matter jurisdiction over the action is not established.

Federal courts are courts of limited jurisdiction and, therefore, have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279–80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See University of South Ala. v. American Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

Federal district courts may exercise diversity jurisdiction over cases involving citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. See 28 U.S.C. §1332(a); Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001); Kirkland, 243 F.3d at 1280. The party removing an action originally filed in state court to federal court bears the burden of proving that federal jurisdiction exists. See Williams, 269 F.3d at 1319; Kirkland 243 F.3d at 1281, 1281 n.5.

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. Relevant to this action, "[t]he federal diversity jurisdiction statute provides that 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State

where it has its principal place of business.'" <u>Hertz Corp. v. Friend</u>, 130 S.Ct 1181, 1185 (2010) (quoting 28 U.S.C. § 1332(c)(1)) (emphasis removed).  Accordingly, the allegation that Progressive "is a foreign corporation . . .  having its principal place of business in the State of Ohio" is insufficient to disclose Progressive's citizenship—indeed, it does not disclose where Progressive has been incorporated.  <u>See</u> <u>Hertz</u>, 130 S.Ct at 1185.

In light of the foregoing, the Court will give Progressive an opportunity to identify its citizenship, and that this Court may properly exercise jurisdiction over the instant action. Progressive should provide adequate allegations regarding its place of incorporation. Accordingly, it is hereby

**ORDERED**:

Defendant Progressive shall have until **October 3, 2016**, to provide the Court with sufficient information so that it is able to determine whether it has jurisdiction over this action.

**DONE AND ORDERED** in Jacksonville, Florida, this 19th day of September, 2016.

*[signature]*
**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record